UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRIS RISHOR,<br><br>                Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | CASE NO. C18-0708MJP<br><br>ORDER GRANTING MOTION TO RECHARACTERIZE PETITIONER'S 28 U.S.C. § 2255 MOTION AS A 28 U.S.C. § 2254 MOTION |

THIS MATTER comes before the Court on the Government's Motion to Recharacterize Petitioner's Section 2255 Motion as a 28 U.S.C. § 2254 Motion and To Designate New Respondent. (Dkt. No. 17.) Having reviewed the Motion, the Response (Dkt. No. 21) and the related record, the Court GRANTS the Motion.

**Background**

In 2018, Petitioner Kirk Rishor filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). (Dkt. No. 1.) Mr. Rishor raises a

claim for ineffective assistance of counsel with respect to an appeal filed in a separate case he previously filed pursuant to 28 U.S.C. § 2254 ("Section 2254"). (Id.)

The relevant procedural history is as follows:

In 2010, Mr. Rishor pled guilty to federal charges relating to drug possession and distribution and was sentenced to 132 months incarceration. (See Case No. 10-0378MJP, Dkt. Nos. 151, 174 (the "2010 Federal Conviction").) One of the sentencing factors considered by the court was the fact that Mr. Rishor was classified as a "career offender" under United States Sentencing Guideline § 4B1.1 due to his prior state convictions for assault and unlawful possession of a firearm (the "2004 State Conviction"). (Id., Dkt. Nos. 139, 164, 165.)

In 2011, Mr. Rishor filed a petition challenging the 2004 State Conviction pursuant to Section 2254. (See Case No. 11-1492MJP, Dkt. No. 1.)

While his Section 2254 petition was pending with respect to the 2004 State Conviction, Mr. Rishor filed a separate petition challenging his 2010 Federal Conviction pursuant to Section 2255. (See Case No. 12-2180MJP, Dkt. No. 1, Ex. 1.) In that petition, Mr. Rishor claimed that, because the 2004 State Conviction was invalid, he should not have been classified as a "career offender." (Id. at 2.) Mr. Rishor claimed that, "due to the fact the Government held the Career Offender Guide Lines of Thirty Years to Life over his head if he didn't take the plea," his plea "was not given knowingly, or intelligently," but was given "under duress, and coercion." (Id. at 3.)

In 2014, the Court granted Mr. Rishor's Section 2254 petition challenging his 2004 State Conviction. (Case No. 11-1492MJP, Dkt. Nos. 65, 66.) The State of Washington appealed that order. (Id., Dkt. No. 67.) In 2015, the Ninth Circuit reversed and remanded with instructions to reinstate the judgment denying habeas relief. (Id., Dkt. Nos. 69, 70.)

1    In 2018, Mr. Rishor filed the present action pursuant to Section 2255, claiming that the lawyer who represented him in the appeal of his Section 2254 petition provided ineffective assistance of counsel. (Case No. 18-0708, Dkt. No. 1.) In particular, Mr. Rishor claims that his lawyer "filed a brief on Petitioner's behalf without being appointed to do so," and "failed to argue, or put forth evidence on the record, that showed Petitioner's Due Process was violated when the State failed to arraign him, and failed to give him notice of the charges against him." (Id. at 4-6.)

**Discussion**

In its Motion to Recharacterize, the United States contends that, because it was not involved in the state prosecution or the appeal giving rise to the Section 2255 petition presently before the Court, the petition should be recharacterized as a Section 2254 petition, and the Washington State Attorney General should be substituted as the proper respondent. (Dkt. No. 17.) Mr. Rishor responds that while "[t]he government is correct, this case stems from a conviction in the State of Washington, and a 28 U.S.C. § 2254," he "feels he has filed the proper document." (Dkt. No. 21.)

Section 2255 provides that "[a] prisoner in custody *under sentence of a court established by Act of Congress* claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (emphasis added). Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a)

1  (emphasis added).  In other words, Section 2255 provides a means to challenge a sentence
2  imposed by a federal court, while Section 2254 provides a means to challenge a sentence
3  imposed by a state court.

4  In the present action, Mr. Rishor contends that he received ineffective assistance of
5  counsel in the appeal of his Section 2254 petition relating to his 2004 State Conviction.  That
6  appeal, while taken in a federal appellate court and relating to a proceeding originating in a
7  federal district court, ultimately challenged a conviction that was imposed "pursuant to the
8  judgment of a State court."  As such, Mr. Rishor's petition is properly understood as a challenge
9  to his 2004 State Conviction, and not a direct collateral challenge to his 2010 Federal
10 Conviction.  The correct procedural mechanism is a petition under Section 2254, and the proper
11 respondent is the State of Washington.

**Conclusion**

For the reasons set forth above, the Court GRANTS the Motion to Recharacterize Petitioner's Section 2255 Motion and ORDERS as follows:

(1) Petitioner's Section 2255 Motion shall be deemed as having been filed pursuant to 28 U.S.C. § 2254;

(2) The United States shall be terminated as a respondent;

(3) The Clerk of Court is directed to send to the Attorney General of the State of Washington, via e-mail, copies of Mr. Rishor's petition (Dkt. No. 1), exhibits in support thereof (Dkt. No. 1-1) and this Order.  The Clerk shall also direct a copy of this Order to Mr. Rishor;

(4) Within forty-five (45) days after such service, respondent shall file and serve an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in

United States District Courts. As part of its answer, respondent shall state its position as to whether petitioner has exhausted available state remedies and whether an evidentiary hearing is necessary. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate. Respondent shall file the answer with the Clerk of the Court and serve a copy of the answer on petitioner; and

(5) The answer will be treated in accordance with LCR 7(d)(3). Accordingly, on the face of the answer, respondent shall note it for consideration on the fourth Friday after filing. Petitioner may file and serve a response not later than the Monday immediately preceding the Friday designated for consideration of the matter, and respondent may file and serve a reply not later than the Friday designated for consideration of the matter.

Dated January 30, 2019.

Marsha J. Pechman
United States District Judge