# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KIRK RISHOR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C18-708 MJP

ORDER DENYING PETITIONER'S SECOND HABEAS PETITION

The above-entitled Court, having received and reviewed:

1. Petition (Dkt. No. 1) and Second Opening Brief (Dkt. No. 20),

2. Respondent State of Washington's Answer and Memorandum of Authorities (Dkt. No. 29),

3. Petitioner's Reply to the Washington State Attorney General's Response (Dkt. No. 31),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the petition is DENIED, and the matter is DISMISSED.

# Background[1]

In 2007, Petitioner plead guilty to second degree assault in Whatcom County, a plea which he then appealed. His judgment and sentence were affirmed by the Court of Appeals, and Petitioner sought no further review of that determination in state court.

In November of 2007, Petitioner filed a motion to dismiss in Whatcom County and also a petition for habeas corpus. In January of 2008, Whatcom County Superior Court denied his motion as well as his petition, and Petitioner appealed those decisions. The state Court of Appeals vacated the January order and remanded for consideration of Petitioner's motions in light of the requirements of CrR 7.8. Whatcom Superior Court then transferred Petitioner's motion and habeas petition to the Court of Appeals as a personal restraint petition ("PRP").

However, instead of filing a PRP brief, Petitioner filed a motion for relief from judgment, which the Court of Appeals dismissed. The Washington Supreme Court denied Petitioner's request for review on September 9, 2010.

One year later (September 9, 2011), Petitioner filed his first federal habeas petition, challenging his 2007 state conviction. *See* C11-1492-MJP. This Court initially denied relief (Id. at Dkt. No. 10), but eventually vacated that judgment and granted the habeas petition. Id. at Dkt. No. 65. The Ninth Circuit Court of Appeals reversed and remanded back to this Court. In conformity with the appellate remand, the petition was denied and judgment entered in favor of Respondent. Id. at Dkt. No. 76. Petitioner's request for certiorari to the Supreme Court was denied on June 5, 2017.

---

[1] The Background section is drawn almost entirely from Respondent's "Procedural History in State Courts" and "Procedural History in Federal Courts" (Dkt. No. 29, Response at 2-4) and its citations to the record are hereby incorporated by reference.

Turning to the current matter: On May 14, 2018, Petitioner filed a motion under § 2255 alleging ineffective assistance of counsel. Dkt. No. 1. On January 30, 2019, the United States' motion to recharacterize the petition under § 2254 was granted (Dkt. No. 25); the State of Washington substituted in as the proper responding party shortly thereafter. Dkt. Nos. 26, 29. Respondent has filed its answer, Petitioner has replied, and the matter is now ripe for decision.

**Discussion**

The matter must be dismissed because Court is without jurisdiction to hear Petitioner's second habeas petition. This is true for two reasons:

1. 28 U.S.C. 2244(b)(3)(a)

> Before a second or successive application permitted by this section is filed in district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Even a cursory examination of the record leaves no question that there was no application to the Ninth Circuit for permission to file this successive petition. Even though the allegations regarding the ineffective assistance of counsel here in federal court are separate and distinct from the underlying legal theory of Petitioner's original habeas, it is all contained within the course of his initial petition and there is no other way to characterize this petition except as "second or successive." Petitioner does not even respond to Respondent's assertions in this regard, essentially ceding the merit of its position.

2. 28 U.S.C. 2254(i)

> The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254 [28 USCS § 2254].

Even had Petitioner properly applied to the Ninth Circuit for permission to file a second habeas petition, § 2254(i) would still have doomed him to failure. Because there is no constitutional right to counsel in either state or federal postconviction proceedings, ineffective assistance of postconviction counsel has been statutorily eliminated as grounds for relief in a § 2254 proceeding. Since that is the sole basis of Mr. Rishor's second petition, he is without a remedy.

Petitioner does not respond substantively to this argument, except to complain that the Court is being asked to ignore the substance of his complaint and instead jettison his case on procedural grounds. While the Court may not disagree with that depiction of his circumstances, there really is no getting around the procedural barriers raised by the State. Petitioner is not entitled to bring this motion either in the fashion he has presented it or on the grounds he has raised.

**Conclusion**

As mandated by both § 2244(b)(3)(a) and § 2254(i), this second habeas petition Is DENIED, and the matter dismissed.

The clerk is ordered to provide copies of this order to Petitioner and to all counsel.

Dated May 30, 2019.

Marsha J. Pechman
United States Senior District Judge