# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

KIRK RISHOR,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. C18-708 MJP

ORDER GRANTING CERTIFICATE OF APPEALABILITY

On May 30, 2019, this Court denied Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus and entered judgment. Dkt. Nos. 32 and 33. Petitioner responded by drafting a motion for relief from judgment under FRCP 60(b)(3) and (6) which was filed on July 8, 2019. Dkt. No. 34. This Court denied the motion and entered judgment thereon (Dkt. Nos. 39 and 40), and Petitioner filed a notice of appeal of that order on September 26, 2019. Dkt. No. 41.

On November 7, 2019, this Court received an order from the Ninth Circuit Court of Appeals, remanding the matter to the District Court for the limited purpose of granting or denying a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed.R.App. 22(b).

Dkt. No. 43. This Court was further directed to indicate either (1) its reasons for denying a certificate of appealability or (2) the issue or issues which meet the required showing for such a certificate. Id.

Upon review of the September 18, 2019 post-judgment order, the Court rules as follows:

IT IS ORDERED that a certificate of appealability is GRANTED as to the issues specified *infra*.

**Discussion**

"A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253.

> To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or because they warrant encouragement to proceed further. Banks v. Dretke, 540 U.S. 668, 705 (2004); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Hand v. Houk, 2014 U.S. Dist. LEXIS 623, at *3-4 (S.D. Ohio Jan. 3, 2014).

Utilizing the above-cited standard, the Court finds the following issues meet the required showing for issuance of a certificate of appealability:

1. Petitioner's "constitutional right to self-representation"

With the exception of the appointment of attorney Maybrown in May of 2014, Petitioner has represented himself throughout all his litigation before this Court. Petitioner argues that (a) he did not request that Maybrown be appointed to represent him, (b) the appointment was made

solely for the convenience of the Court[1] and (c) that the appointment was for purposes of the single hearing on the motion for reconsideration only (i.e., when that hearing ended, Petitioner alleges that Maybrown's representation should have ended). Cumulatively, he argues that the entire process was a violation of his constitutional right to self-representation.

As indicated in the order from which this appeal is taken, there is nothing in the record reflecting that the appointment was for a single hearing only; the order appointing Maybrown says nothing to that effect. Dkt. No. 39, Order at 5. But Petitioner is certainly correct that there is also nothing in the record reflecting that he requested appointment of counsel; i.e., the appointment was a unilateral act by this Court. (The Court notes, however, that at no point did Petitioner object to the appointment of counsel.) As has been remarked in earlier rulings, Petitioner has done a creditable job of representing himself and his ability to do that adequately has never been questioned. Based on the absence of his request for an attorney, Petitioner has a colorable constitutional claim that the unsolicited appointment of counsel in his case violated his right to represent himself.

2. <u>Maybrown's appointment to represent Petitioner ended at the termination of the District Court case</u>:

Based upon the Court's recollection of the reason why counsel was appointed for Petitioner, the Court finds that there is an argument to be made – upon which reasonable jurists could disagree – that, having been appointed without request, Maybrown's appointment should have extended no further than was necessary for the District Court's purpose; i.e., to the filing of the judgment in the habeas case. This is another facet of Petitioner's argument that his

---

[1] The Court acknowledges that counsel was appointed for Petitioner in order to avoid having him transported a great distance for the purpose of a single hearing.

constitutional right to self-representation has been violated; i.e., that, upon the conclusion of the hearing for which the Court required an appearance by a representative for Petitioner, Petitioner's status as a self-represented party should have been "restored."

3. <u>The proper forum for Petitioner's FRCP 60(b) request is the Court of Appeals:</u>

As mentioned in the order from which this appeal is taken, Petitioner's "remedy, if he has one, lies with the Ninth Circuit Court of Appeals." <u>Id.</u> at 6. The Court finds it a colorable argument that the "final judgment, order, or proceeding" from which Petitioner is seeking relief is the adverse ruling from the Ninth Circuit overturning the District Court order on reconsideration granting his petition. In other words, Petitioner should be allowed to make this 60(b) argument (or its equivalent in the Federal Rules of Appeal) directly to the Ninth Circuit, where the proceeding from which he is actually seeking relief occurred.

The clerk is ordered to provide copies of this order to Petitioner, Respondent's counsel, and the Ninth Circuit Court of Appeals.

Dated November 14, 2019.

Marsha J. Pechman
United States Senior District Judge